BELMONT STONE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 12410, 28531.    Promulgated July 5, 1928.

*William Surosky, Esq.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, for the respondent.

OPINION.

ARUNDELL: No evidence was submitted by the petitioner in support of its contention that the respondent erred in computing depletion at the rate of .482 cents per ton, in view of which the determination will not be disturbed.

The record does not show the basis for the respondent's determination of a value of $80,000, on all the plants for depreciation purposes, but at the hearing his counsel stated that a greater amount was not allowed because of lack of information on the subject. From all of the evidence submitted by the petitioner, we are convinced that the fair market value of its North Bergen plant at March 1, 1913, was $85,000. The petitioner did not keep a complete set of books and at the time of the purchase of the other plants, four in number, did not make any allocation of the cost on its books. We are convinced from the uncontradicted testimony of the petitioner's witnesses that the cost to it of the buildings and machinery and equipment at the West Nyack, Mt. Ivy, and Suffern plants, which were acquired by purchase after March 1, 1913, was not less than the figures set forth in our

findings of fact. The evidence before us on the cost of the Alpine plant is confined to the amount paid for the entire property at the time of its purchase in or about 1918. The petitioner having failed to present any evidence on the cost of the depreciable assets of the plant, we are unable to assign any part of the total cost of the property to buildings, machinery and equipment for depreciation purposes.

In its returns for each year the petitioner claimed a deduction for depletion and depreciation at the composite rate of 10 cents per ton of stone produced. The respondent altered the deduction claimed by allowing a rate of .482 cents per ton for depletion, and allowing a composite rate of 5 per cent per annum as depreciation on buildings, machinery and equipment.

The two witnesses presented by the petitioner testified that in their opinion the buildings and machinery and equipment should be depreciated at composite rates ranging from 10 to 25 per cent. All of the plants were under lease prior to 1924 and the record does not disclose to what extent the properties were kept in repair, or whether any replacements or other changes were made in the plants after they were acquired. While it might seem that the equipment of a plant for the production of stone would suffer depreciation at a rate in excess of 5 per cent, the testimony in this case does not warrant an allowance for exhaustion, wear and tear at a rate greater than that allowed by the respondent.

Depreciation for 1922 should be computed at 5 per cent on a proven March 1, 1913, value and cost of $244,200 and for 1924 on an additional valuation of $92,500 for the Suffern plant.

*Judgment will be entered under Rule 50.*